**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| COHO LICENSING LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SALESFORCE.COM INC.,<br><br>    Defendant. | C.A. No.<br><br>**TRIAL BY JURY DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Coho Licensing LLC (hereinafter "Coho" or "Plaintiff"), through the undersigned attorneys, for its Complaint against Salesforce.com Inc. Corporation (hereinafter "Salesforce.com" or "Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1.    This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code ("U.S.C.") to prevent and enjoin Defendant from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or consent from Coho, from U.S. Patent No. 8,024,395 (the "'395 patent") (attached hereto as Exhibit A) and U.S. Patent No. 8,166,096 (the "'096 patent") (attached hereto as Exhibit B) (collectively, the "Asserted Patents") pursuant to 35 U.S.C. § 271, and to recover damages, attorneys' fees, and costs.

**THE PARTIES**

2.    Plaintiff Coho is a Delaware limited liability company with its principal place of business at 222 Delaware Avenue, P.O. Box 25130, Wilmington, DE 19899.

3. Defendant Salesforce.com is a Delaware corporation with its principal place of business at The Landmark @ One Market, Suite 300, San Francisco, California 94105. Salesforce.com may be served with process via its registered agent, The Corporation Trust Company, 1209 North Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq.

5. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction, as well as because of the injury to Coho and the cause of action Coho has raised, as alleged herein.

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or Delaware's Long-Arm Statute, 10 *Del. C.* § 3104, due to at least its substantial business in this forum, including: (i) at least a portion of the infringement alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware.

7. Defendant has conducted and does conduct business within the state of Delaware, directly or through intermediaries, resellers, agents, or offers for sale, sells, advertises its services in Delaware that infringe the Asserted Patents.

8. In addition to Defendant's continuously and systematically conducting business in Delaware, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in the state of Delaware, including Defendant's making, using,

importing, offering for sale, selling services which include features that fall within the scope of at least one claim of each of the Asserted Patents.

9. Venue lies in this District under 28 U.S.C. §§1391 and 1400(b) because, among other reasons, Defendant is subject to personal jurisdiction in this District, and has committed and continues to commit acts of patent infringement in this District.

## FACTUAL ALLEGATIONS

### *The '395 patent*

10. On September 20, 2011 the United States Patent and Trademark Office ("USPTO") duly and legally issued the '395 patent, entitled "Distributed Processing Multiple Tier Task Allocation" after a full and fair examination.

11. Coho is presently the owner by assignment of the '395 patent, having received all right, title, and interest in and to the '395 patent from the previous assignee of record. Coho possesses all rights of recovery under the '395 patent, including the exclusive right to recover for past infringement.

12. The '395 patent contains three independent claims and seventeen dependent claims. Defendant commercializes, *inter alias,* methods that perform all the steps recited in at least one claim of the '395 patent.

13. The invention described in the '395 patent includes a computer-implemented method for distributed processing.

14. The computer implemented method of the '395 patent includes the step of dividing a task into a plurality of portions; an allocating computer then allocates at least one task portion to a sub-allocating computer; and said sub-allocating computer receives the task portion. The sub-allocating computer then allocates a subtask portion to an allocated computer, wherein

the subtask portion comprises a portion of a task portion; the allocated computer receives said subtask portion; and a subtask processing computer processes said subtask portion, thereby creating and storing at least one result. Finally, said subtask processing computer transfers said result to a results computer; and said results computer receives and stores results related to said task from a plurality of computers.

### *The '096 patent*

15.     On April 24, 2012 the USPTO duly and legally issued the '096 patent, entitled "Distributed Processing Multiple-Tier Task Allocation" after a full and fair examination.

16.     Coho is presently the owner by assignment of the '096 patent, having received all right, title, and interest in and to the '096 patent from the previous assignee of record. Coho possesses all rights of recovery under the '096 patent, including the exclusive right to recover for past infringement.

17.     The '096 patent contains three independent claims and seventeen dependent claims. Defendant commercializes, *inter alia*, methods that perform all the steps recited in at least one claim of the '096 patent.

18.     The invention described in the '096 patent includes a computer-implemented method for distributed processing.

19.     The computer implemented method of the '096 patent comprises a first computer receiving from a plurality of computers a plurality of results related to a task, wherein said task comprises a plurality of task portions, wherein at least one said task portion comprises a plurality of subtask portions, wherein a first result received by said first computer is calculated from a first subtask portion by a fourth computer, said first subtask portion received by said fourth computer from a third computer, said first subtask portion being a divisible portion of a first task portion,

and wherein said third computer received said first task portion from a second computer; said second computer dividing said task into a plurality of task portions, including said first task portion; and wherein said receiving occurs via network communication.

*Defendant's Infringement of the Asserted Patents*

20. Salesforce.com uses software that allows for the distributed processing of large data sets across clusters of computers that form a distributed application software framework. Thus, Salesforce.com uses a computer-implemented method for distributed processing in accordance with at least one claim of the '395 and '096 patents, respectively.

21. Salesforce.com divides a task into a plurality of task portions. Salesforce.com uses a dataset analysis platform for analyzing large data sets that consists of a high-level language for expressing data analysis programs, coupled with a distributed application software framework infrastructure for evaluating these programs. The dataset analysis platform compiles the high-level language into Map-Reduce jobs and executes them in a distributed cluster.

22. An allocating computer for Salesforce.com allocates at least one task portion to a sub-allocating computer, which receives the task portion. There are 3 machine roles in a distributed application software framework: Client Machines, Job Trackers, and Task Trackers. The Job Tracker coordinates parallel processing of data using Map Reduce. The Client Machine submits Map Reduce jobs to the Job Tracker. The dataset analysis platform serves the role of the Client Machine in the Map Reduce framework.

23. A Salesforce.com sub-allocating computer allocates subtask portions to allocated computers, which receives the subtask portions. In Salesforce.com's computer implemented method, the Job Tracker receives a Map Reduce job consisting of individual map and reduce tasks. For example, the Job Tracker will assign map tasks to be run on various Task Trackers.

24. In a Salesforce.com distributed application software framework, the subtask portion comprises a portion of the task portion. A Map Reduce Job consists of individual map and reduce tasks. A distributed application software framework job consists of all the files and classes needed to run a Map Reduce job, including the individual map and reduce tasks.

25. A Salesforce.com subtask processing computer processes the subtask portion, creating a result. In Salesforce.com's computer implemented method, the Task Tracker receives and executes the individual map tasks. When a map task is finished, the results of the computation are stored in local storage as intermediate data.

26. The Salesforce.com processing computer transfers the results to a results computer, which receives and stores results from a plurality of computers. In Salesforce.com's computer implemented method, the Task Trackers transfer their intermediate data to a node running a reduce task for final computation. The output is a file that is written to a distributed file system.

## COUNT I
## (DIRECT INFRINGEMENT OF THE '395 PATENT)

27. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-26.

28. Taken together, either partially or entirely, the features included in Salesforce.com's computer implemented method, perform the process recited in one or more of the claims of the '395 patent.

29. Defendant directly infringes one or more of the claims of the '395 patent by making, using, selling, offering to sell and/or importing the computer-implemented method for distributed processing described in the '395 patent in violation of 35 USC § 271(a).

## COUNT II
## (DIRECT INFRINGEMENT OF THE '096 PATENT)

30. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-29.

31. Taken together, either partially or entirely, the features included in Salesforce.com's computer implemented method, perform the process recited in one or more of the claims of the '096 patent.

32. Defendant directly infringes one or more of the claims of the '096 patent by making, using, selling, offering to sell and/or importing the computer-implemented method for distributed processing described in the '096 patent in violation of 35 USC § 271(a).

## DEMAND FOR JURY TRIAL

33. Coho demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

Coho respectfully prays for the following relief:

1. That Defendant be adjudged to have infringed the Asserted Patents, literally and/or under the doctrine of equivalents;

2. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be preliminary and permanently restrained and enjoined from directly and/or indirectly infringing the Asserted Patents;

3. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interests and costs, in accordance with 35 U.S.C. §284;

4. That Defendant be directed to pay enhanced damages, including Coho's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

5. That Coho have such other and further relief as this Court may deem just and proper.

Dated: September 18, 2013

OF COUNSEL:

Eugenio Torres-Oyola
FERRAIUOLI LLC
221 Plaza 5th Floor
221 Ponce de León Ave.
San Juan, Puerto Rico 00917
(787) 766-7000
etorres@ferraiuoli.com

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Richard D. Kirk (#0922)
Stephen B. Brauerman (#4952)
Vanessa R. Tiradentes (#5398)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com

*Attorneys for Coho Licensing LLC*